

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*The Jacob K. Javits Federal Building*
*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

October 20, 2025

**BY ECF**
The Honorable Loretta A. Preska
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:  *United States v. Naasón Joaquín García, et al.*, S1 25 Cr. 370 (LAP)

Dear Judge Preska:

The Government writes respectfully in further support of its motion for a protective order and in reply to the letter that defendant Naasón Joaquín García submitted in opposition on October 17, 2025. Dkts. 30, 32.[1]

Naasón's opposition letter demonstrates why his AEO arguments are premature and should be rejected. Rather than raising objections to particularized AEO designations in the context of a ripened discovery dispute, Naasón's letter conjures facts to support a rambling strawman attack on this District's standard protective order. It is unnecessary, and impractical, for the Government to respond to each and every inaccurate claim in Naasón's letter. But for example:

- Naasón's letter incorrectly states that the PPO permits the Government "unilaterally" to dictate with whom defense counsel may share information and requires defense counsel "to challenge individual designations seriatim and litigate each challenge before the Court in order to even discloser [*sic*] to their clients what the evidence contains." Dkt. 32, at 2.

---

[1] Capitalized terms not otherwise defined in this letter have the meaning assigned to them in the Government's original letter in support of the PPO. Dkt. 30.

> Having dealt with this District's standard protective order in countless cases, the Court knows well that is not how the PPO is designed to work. Instead, the PPO creates an orderly discovery dispute resolution mechanism that is consistent with Local Rule 16.1: The Government will, in the first instance, state its position as to the appropriate restrictions on the dissemination of discovery materials by designating them as "Disclosure Material," "Sealed Material," "APO Material," or "AEO Material"; the defense can then object to any of those designations individually or as a group, if appropriate, and try to resolve any disputes with the Government in good faith; and if the parties cannot resolve a disagreement among themselves, then the matter can be raised for the Court to decide. PPO ¶ 12. Naasón fails to identify any reason why the Court should not adopt that standard process here.

- The Government did not tell defense counsel that the discovery in this case would be "largely," Dkt. 32-1 ¶ 5, the same as the discovery in the California state prosecution of Naasón—which ended with Naasón's guilty plea to three child sex abuse offenses. As part of the investigation that led to the federal indictment before this Court, federal investigators obtained substantial evidence unique to this prosecution, including emails, business records, and electronic data, which the Government will produce in Rule 16 discovery. The Government described the nature of this evidence on the record at the arraignments of Naasón and his co-defendants.

  To be sure, in addition to the evidence obtained in this federal investigation, the Government has also obtained, through a sharing order, evidence collected in the California state case. That evidence, which was previously produced to Naasón's counsel during the California state case, will again be produced or made available for inspection in this case. But the team leading this federal prosecution has developed a substantial amount of evidence specific to the federal charges pending in this Court and is distinct from any other federal, state, or foreign prosecutors in charge of any other investigation.

- There is not a "significant likelihood," and it is not a "virtual certainty," that the Government will designate "a large number" of CSAM materials as AEO Material. Dkt. 32, at 2. The PPO already contemplates that the CSAM material will generally be designated APO, not AEO, and will be made available for inspection only. PPO ¶ 8 & n.4. Indeed, defense counsel acknowledged in an email on September 25, 2025, that CSAM materials

are irrelevant to the AEO provisions of the PPO because such materials "are not going to be produced anyway." Dkt. 32-2, at 1.

As the Government has previously explained to defense counsel, the Government plans to use the AEO designation "sparingly" for limited types of information. Dkt. 32-3, at 2; *accord* Dkt. 30, at 3 (the Government plans to designate only a "small set of materials" as AEO material). This is exactly why it is premature to adjudicate the legality of AEO designations at this stage, before any discovery has been produced. Naasón should wait to see which files the Government actually designates as AEO material before he objects to them, and the Court should wait to see which, if any, of Naasón's objections the parties cannot resolve on their own before ruling on them.

- The protective order in *United States v. Ho Wan Kwok*, 23 Cr. 118 (AT), was not entered on consent, as Naasón claims. Dkt. 32, at 6. Rather, in *Kwok*, the defense opposed an AEO provision on the exact same grounds that Naasón raises here. *See* Dkt. 60, at 3-4, *United States v. Ho Wan Kwok*, 23 Cr. 118 (AT) (S.D.N.Y. Apr. 28, 2023) (arguing that an AEO provision in a protective order should be stricken because it "keeps us from effectively representing our client by preventing us from obtaining her critical assistance in reviewing, understanding, and investigating her case"). Judge Torres overruled that objection and entered the PPO requested by the Government. Dkt. 63, *United States v. Ho Wan Kwok*, 23 Cr. 118 (AT) (S.D.N.Y. May 4, 2023). The Court should do the same here.

Among his letter's rhetorical questions, musings about Anglo-American legal traditions, and synopsis of an irrelevant habeas decision, Naasón interweaves numerous other outlandish claims that strain credulity—including efforts to pin the blame for criminal conduct on people who reported to, and acted at the direction of, Naasón in the Joaquín LLDM Enterprise, which is a more damning admission of guilt in a racketeering prosecution than Naasón appears to recognize. *See, e.g.*, Dkt. 32, at 3-4. But the Court need not wade into any of that now. Instead, the Court should enter the PPO as proposed by the Government and wait to dispose of

Naasón's AEO arguments only unless and until it becomes necessary to do so as part of a concretized discovery dispute raised through the proper procedures.

        Respectfully submitted,

        JAY CLAYTON
        United States Attorney

By:   /s/_____
      Ryan W. Allison
      Lisa Daniels
      Elizabeth A. Espinosa
      Michael R. Herman
      Assistant United States Attorneys
      Southern District of New York
      (212) 637-2200

cc:    Counsel of record (by ECF)